IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. AP-76,000, AP-76,001 & AP-76,002




EX PARTE PATRICK LEONDOS WALLER Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. F-9056056-VI, F92-02560-JI, F92-40874-LI IN 
CRIMINAL DISTRICT COURT NO. 2 FROM DALLAS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded not guilty to an aggravated
robbery charge in cause no. F92-40874-LI, but was convicted following a jury trial, and sentenced
to life imprisonment. The Fifth Court of Appeals affirmed his conviction. Waller v. State, AP-05-93-00335-CR, (Tex. App. – Dallas, 1993) (not designated for publication). Applicant pleaded guilty
to an aggravated kidnaping charge in cause no. F92-02560-JI and the trial judge assessed punishment
of 30 years’ confinement. The Fifth Court of Appeals dismissed his appeal. See Waller v. State, AP-05-93-00333-CR, (Tex. App. – Dallas, 1993) (not designated for publication). Applicant was
charged with the aforementioned offenses while he was on deferred adjudication probation in a
possession of controlled substance case in cause number F-9056056-VI. Following the jury’s
conviction in the aggravated kidnaping case, the trial judge adjudicated Applicant’s guilt, and
assessed a sentence of 20 years’ confinement. The Fifth Court of Appeals dismissed his appeal. 
Waller v. State, AP-05-93-00332-CR, (Tex. App. – Dallas, 1996) (not designated for publication). 
            In Writ Nos. WR-70,417-02 and WR-70,417-03, Applicant challenges his aggravated
kidnaping and aggravated robbery convictions. Applicant contends he is actually innocent of these
offenses as new DNA evidence shows that he did not commit the sexual assault underlying these
offenses. He has submitted evidence showing that new DNA testing shows that another man
committed the underlying sexual assault and that this man has confessed to committing these
offenses. The trial judge has entered findings of fact and conclusions of law recommending that
relief be granted on the basis of actual innocence. Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim.
App. 1996); Ex parte Tuley, 109 S.W.3d 388 (Tex. Crim. App. 2002). The trial judge’s findings are
supported by the record. We grant relief on actual innocence grounds. 
            In Writ No. WR-70,417-01, Applicant challenges his possession of a controlled substance
offense. He contends that the revocation of his deferred adjudication probation violated his due
process rights as there is no evidence to support a finding that he violated the terms of his probation,
but for the aggravated robbery offense which he has now shown he did not commit. The trial judge
has entered findings of fact and conclusions of law recommending that relief be granted. We agree. 
We grant relief. 
            Relief is granted. The judgments in Cause Nos. F92-02560-JI and F92-40874-LI from
Criminal District Court No. 2 of Dallas County are set aside, and Applicant is remanded to the
custody of the Sheriff of Dallas County to answer the charges against him. The trial court’s
judgment revoking community supervision in Cause No. F90-56056-VI is set aside and the Director
of the Texas Department of Criminal Justice-Correctional Institutions Division is ordered to return
Applicant to the custody of Dallas County for further proceedings by the trial court. 
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: September 24, 2008
Do Not Publish